# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| AMANDA CHRISTIAN,       Movant, | : : : | MOTION TO VACATE 28 U.S.C. § 2255 |
| v. | : : | CRIMINAL ACTION NO. 1:20-CR-00296-JPB-CMS-9 |
| UNITED STATES OF AMERICA,       Respondent. | : : | CIVIL ACTION NO. 1:23-CV-04122-JPB-CMS |

## ORDER AND FINAL REPORT AND RECOMMENDATION

Movant Amanda Christian, confined at Federal Prisoner Camp Alderson in Alderson, West Virginia, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. 722). Respondent filed a response. (Doc. 765).

For the reasons stated below, it is **ORDERED** that Movant's motion for hearing (Doc. 769) be **DENIED** and Movant's motion to grant her motion to vacate (Doc. 805) be **DENIED as unnecessary**, and it is **RECOMMENDED** that the instant motion to vacate (Doc. 722) be **DENIED**.

## I.    BACKGROUND

In 2022, Movant pleaded guilty to conspiracy to commit fraud (Count 34), in violation of 18 U.S.C. § 1349, and she was sentenced to 41 months of imprisonment. (Doc. 569). Movant did not file a direct appeal.

In 2023, Movant filed the instant § 2255 motion. (Doc. 722). In her motion, Movant raises the following claims:

Movant received ineffective assistance of counsel when counsel

(1)    failed to file a motion for discovery to obtain evidence used to indict Movant;

(2)    hurriedly advised Movant to sign her plea agreement;

(3)    failed to challenge the loss calculation and intended loss amount;

(4)    failed to object to the "intent and willful" element;

(5)    withdrew his objection to the role enhancement; and

(6)    failed to argue the 18 U.S.C. § 3553(a) factors and sentencing disparities among defendants with similar records and conduct.

(*Id.* at 4–5).

## II.    DISCUSSION

To prevail on a claim of ineffective assistance of counsel, a prisoner must meet a two-part test established by *Strickland v. Washington*, 466 U.S. 668 (1984). First, he must show that "counsel's performance was deficient." *Khan v. United States*, 928 F.3d 1264, 1272 (11th Cir. 2019). Counsel's performance is deficient only if it falls "below an objective standard of reasonableness." *Id.* (internal quotation marks omitted). "There is a strong presumption that counsel's conduct fell within the range of reasonable professional assistance, and, therefore, counsel's performance is deficient only if it falls below the wide range of competence demanded of lawyers in criminal cases." *Osley v. United States*, 751 F.3d 1214, 1222 (11th Cir. 2014). Second, a prisoner must show that he suffered prejudice as a result of counsel's deficient performance. *Id.* To establish prejudice, a prisoner

2

must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* (internal quotation marks omitted). A court need not address both prongs if a prisoner makes an insufficient showing on one. *Id.*

A.    Claim 1

"A guilty plea operates as a waiver of important rights, and is valid only if done voluntarily, knowingly, and intelligently, with sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005) (internal quotation marks omitted); *see also Bousley v. United States*, 523 U.S. 614, 618 (1998) ("A plea of guilty is constitutionally valid only to the extent it is voluntary and intelligent." (internal quotation marks omitted)). Nevertheless, "a plea's validity may not be collaterally attacked merely because the defendant made what turned out, in retrospect, to be a poor deal." *Id.* at 186.

> The rule that a plea must be intelligently made to be valid does not require that a plea be vulnerable to later attack if the defendant did not correctly assess every relevant factor entering into his decision. A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action.

*Brady v. United States*, 397 U.S. 742, 757 (1970).

In Claim 1, Movant argues that she received ineffective assistance of counsel when counsel failed to file a motion for discovery to obtain evidence used to indict Movant. (Doc. 722 at 6–7). She contends that counsel's failure to obtain discovery prevented Movant from making a knowing and voluntary plea. (*Id.* at 6). However, Movant's assertion is flatly contradicted by the record. In particular, on January 13, 2022, counsel joined a motion to continue the pretrial motion deadline and pretrial conference that stated, "Counsel for the Defendants have received the government's initial discovery production, which is voluminous (in excess of 50GB and approximately 200,000 digital files) and have been reviewing such voluminous discovery. Such discovery includes multiple email accounts, bank accounts, loan files, and recorded interviews, among other matters." (Doc. 411 at 2). In addition, on August 6, 2021, the Government sent a letter to counsel stating:

> Discovery in the above-referenced criminal action has been uploaded to the drive that you provided. The discovery includes Paycheck Protection Program and Economic Injury Disaster Loan files, financial records, recorded interviews, email records, evidence from seized devices, IP records, search warrants and seizure warrants and returns, criminal history records, and other materials.

(Doc. 765-1 at 1).

Because the record shows that counsel did obtain discovery, Movant has shown neither deficient performance nor prejudice, and counsel was consequently not ineffective. *See Khan*, 928 F.3d at 1272; *see also Taylor v. Holt*, No. 1:17-CV-2331-TWT, 2018 WL 3640607, at *7 (N.D. Ga. June 12, 2018) (observing that

"counsel plainly cannot be deficient for failing to raise an issue that he did, in fact raise"), *report and recommendation adopted*, No. 1:17-CV-2331-TWT, 2018 WL 3632436 (N.D. Ga. July 31, 2018).  Thus, Movant is not entitled to relief as to this claim.

  B.  *Claim 2*

  In Claim 2, Movant argues that she received ineffective assistance of counsel when counsel hurriedly advised Movant to sign her plea agreement.  (Doc. 722 at 8–9).  She contends that counsel "implored" Movant to sign the plea agreement because the Government refused to speak with her until she did so.  (*Id.* at 8).

  However, Movant has not shown that counsel was ineffective.  At her plea hearing, Movant confirmed under oath that she had sufficient to time to review her case with her attorney.  (Doc. 759 at 26–27 ("THE COURT: Have you had a sufficient opportunity to talk about your case with your attorney and have your attorney answer any questions that you have before entering your plea?  THE DEFENDANT: Yes, sir.")).  "Solemn declarations in open court carry a strong presumption of verity."  *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).  Because Movant "made statements under oath at a plea colloquy, [s]he bears a heavy burden to show [her] statements were false."  *Winthrop-Redin v. United States*, 767 F.3d 1210, 1217 (11th Cir. 2014) (internal quotation marks omitted).  Movant has failed to meet her burden here, as her assertions to the contrary in her § 2255 motion are

insufficient to rebut the presumption of verity accorded to her statements made during her plea colloquy. *See id.* ("The district court is entitled to discredit a defendant's newly-minted story about being threatened when that story is supported only by the defendant's conclusory statements.").  In addition, Movant did not plead guilty until more than eight months after she was initially indicted. (*See* Docs. 135, 447).[1]  To the extent Movant argues that her plea colloquy violated Federal Rule of Criminal Procedure 11, the Court conducted a thorough Rule 11 colloquy, and this claim is squarely contradicted by the record. (*See generally* Doc. 759).  Accordingly, Movant has not shown prejudice, and counsel was not ineffective. *See Khan*, 928 F.3d at 1272.  Thus, Movant is not entitled to relief as to this claim.

C.    *Claim 3*

In Claim 3, Movant argues that she received ineffective assistance of counsel when counsel failed to challenge the loss calculation and intended loss amount. (Doc. 722 at 9–19).  According to Movant, counsel never contested the loss amount. (*Id.* at 10).

However, the parties stipulated to the loss amount.  According to the plea agreement, "The Government agrees to recommend and the Defendant agrees

---

[1] Movant argues that she did not have eight months to review the plea agreement.  (Doc. 769 at 2).  Ultimately, however, as noted above, Movant stated at her plea colloquy that she had sufficient time to review her case with counsel. (Doc. 759 at 26–27).

6

that: . . . The Defendant receive the 16-level upward adjustment pursuant to Section 2B1.1(b)(1)(I) because the loss amount is more than $1,500,000 and less than $3,500,000." (Doc. 447-1 at 4–5). Movant confirmed this provision at her plea hearing. (Doc. 759 at 10, 14). Had counsel contested the loss amount, this would have constituted a breach of the plea agreement. Counsel's failure to object to a stipulated term did not constitute deficient performance. *See Fremont v. United States*, No. 13-CR-20519, 2016 WL 1622607, at *7 (S.D. Fla. Jan. 26, 2016) ("Counsel cannot be deemed deficient for failing to directly attack the $2,500,000 loss amount and $1,358,156.76 restitution amount contained in the plea agreement, because this would have breached the plea agreement, and exposed the Movant to the additional eighteen counts charged in the indictment that carried sentences of five (Count (2)), ten (Count (3)), and twenty (Counts (4) through (20)) years' imprisonment."), *report and recommendation adopted*, No. 13-20519-CR, 2016 WL 1573649 (S.D. Fla. Apr. 19, 2016); *Krecht v. United States*, 846 F. Supp. 2d 1268, 1282 (S.D. Fla. 2012) (concluding that "counsel's decision not to object to the guidelines sentence . . . in a way that would breach the plea agreement was strategically reasonable and did not constitute deficient performance"); (Doc. 447-1 at 1 (agreeing to plead guilty to Count 34); *id.* at 4 ("The United States Attorney for the Northern District of Georgia agrees not to bring further criminal charges against the Defendant related to the charges to which she is pleading guilty."); Doc.

290 (charging Movant in Counts 9–11, 13, 20–22, 25–26, 32–35, 38, and 41)). Thus, counsel was not ineffective. *See Khan*, 928 F.3d at 1272. Accordingly, Movant is not entitled to relief on this claim.

D.    *Claim 4*

In Claim 4, Movant argues that she received ineffective assistance of counsel when counsel failed to object to the "intent and willful" element. (Doc. 722 at 20–22). She contends that she "lacked the knowledge and intent to participate in a fraudulent scheme." (*Id.* at 19).

However, Movant admitted during her plea colloquy that she "acted with the intent to defraud." (Doc. 759 at 22). "Pleading guilty necessarily admits the commission of the crime," and a defendant may not challenge at sentencing an element of the offense to which he pleaded guilty. *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992); *see also Mathis v. United States*, 579 U.S. 500, 504 (2016) ("Elements are the constituent parts of a crime's legal definition—the things the prosecution must prove to sustain a conviction. . . . [A]t a plea hearing, they are what the defendant necessarily admits when he pleads guilty." (citations and internal quotation marks omitted)). As noted previously, Movant's statements made under oath are presumed to be true. *Blackledge*, 431 U.S. at 74. Movant has not shown that her statements made at her plea colloquy were false. *See id.*; *Winthrop-Redin*, 767 F.3d at 1217. Thus, Movant has not shown prejudice, and counsel was

not ineffective. *See Khan*, 928 F.3d at 1272. As a result, Movant is not entitled to relief on this claim.

     E.     *Claim 5*

Under the Sentencing Guidelines, a defendant's offense level is increased by three levels when "the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(b) (2021). "Section 3B1.1 requires the exercise of some authority in the organization, the exertion of some degree of control, influence, or leadership." *United States v. Gupta*, 463 F.3d 1182, 1198 (11th Cir. 2006) (internal quotation marks omitted). "To qualify for the increase, a defendant need only manage or supervise one other participant in the criminal activity." *United States v. Sosa*, 777 F.3d 1279, 1301 (11th Cir. 2015). The Eleventh Circuit has "held many times that a defendant's recruitment of co-conspirators supports a § 3B1.1 enhancement." *United States v. Vasquez*, 486 F. App'x 830, 835 (11th Cir. 2012) (collecting cases).

In Claim 5, Movant argues that she received ineffective assistance of counsel when counsel withdrew his objection to the role enhancement. (Doc. 722 at 23–25). However, Movant has failed to show that she is entitled to relief. Movant's own statements in her § 2255 motion support her § 3B1.1 enhancement. She states that she "refer[red]" another coconspirator to the scheme and "informed" him not to

move forward with his loan.  (*Id.* at 23–24).  By her own description, Movant both recruited and exercised control over another participant in the scheme, which is sufficient to support the application of the three-level aggravating role enhancement. *See Gupta*, 463 F.3d at 1198; *Sosa*, 777 F.3d at 1301; *Vasquez*, 486 F. App'x at 835. As a result, counsel did not act deficiently in failing to persist in making an unmeritorious objection.  *Pinkney v. Sec'y, DOC*, 876 F.3d 1290, 1297 (11th Cir. 2017) ("[A]n attorney will not be held to have performed deficiently for failing to perform a futile act, one that would not have gotten his client any relief.").  Thus, counsel was not ineffective.  *See Khan*, 928 F.3d at 1272.  Accordingly, Movant is not entitled to relief on this claim.

F.    Claim 6

In Claim 6, Movant argues that she received ineffective assistance of counsel when counsel failed to argue the 18 U.S.C. § 3553(a) factors and sentencing disparities among defendants with similar records and conduct.  (Doc. 722 at 25–27).

Movant has not shown that counsel was ineffective.  Although Movant points to numerous cases in arguing that there have been several cases where defendants have received downward variances, Movant does not explain at all how her situation is similar to these cases.  *See United States v. Azmat*, 805 F.3d 1018, 1048 (11th Cir. 2015) (explaining that "there can be no 'unwarranted' sentencing disparities among

codefendants who are not similarly situated"); (Doc. 722 at 26).  As a result, Movant has failed to meet her burden in showing that she was prejudiced by any unwarranted sentencing disparities.  *See Beeman v. United States*, 871 F.3d 1215, 1222 (11th Cir. 2017) (reiterating that "a § 2255 movant bears the burden to prove the claims in his § 2255 motion" (internal quotation marks omitted)).  Consequently, counsel was not ineffective, and Movant is not entitled to relief on this claim.

Finally, Movant has filed several motions.  First, Movant filed a motion for hearing.  (Doc. 769).  However, because Movant is not entitled to relief on any of her claims, Movant's motion for hearing (Doc. 769) is **DENIED**.  With respect to Movant's motion to grant her motion to vacate (Doc. 805), this motion is unnecessary, as the Court can rule on her § 2255 motion without an additional motion.[2]  Accordingly, Movant's motion to grant her motion to vacate (Doc. 805) is **DENIED as unnecessary**.

## III.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . .  If the court issues a certificate, the court must

---

[2] To the extent Movant argues that the motion should be granted due to the Government's "untimeliness of response" to the motion for disclosure, (Doc. 805 at 2; *see* Doc. 779), the motion for disclosure was not filed by or adopted by Movant.

state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

It is **RECOMMENDED** that a certificate of appealability be **DENIED** because resolution of the issues presented is not debatable. If the District Judge adopts this recommendation and denies a certificate of appealability, Movant is advised that she "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255, Rule 11(a).

IV.    CONCLUSION

For the reasons stated above, it is **ORDERED** that Movant's motion for hearing (Doc. 769) be **DENIED** and Movant's motion to grant her motion to vacate (Doc. 805) be **DENIED as unnecessary**, and it is **RECOMMENDED** that the instant motion to vacate (Doc. 722) be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to the undersigned. **SO ORDERED AND RECOMMENDED**, this 29th day of August, 2024.

CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE